UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abdirahman A.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David Venturella, *Acting Director, Immigration & Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration & Customs Enforcement*; and Joel Brott, *Sherriff, Sherburne County*.

Respondents.

File No. 26-cv-3086 (ECT/DLM)

**OPINION AND ORDER**

---

Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") dated August 10, 2026. ECF No. 11. Judge Micko recommended that Petitioner Abdirahman A.'s Amended Petition for Writ of Habeas Corpus [ECF No. 3] be granted and that he be released. *See id.* Respondents[1] objected to the R&R, ECF No. 14, triggering de novo review of the objected-to portions of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

Petitioner Abdirahman A. is a citizen of Somalia. Am. Pet. [ECF No. 3] at 2. On March April 8, 1991, Abdirahman entered the United States as a refugee. ECF No. 8-1 at

---

[1] "Respondents" refers to Attorney General Blanche, Secretary Mullin, Acting Director Venturella, and Acting Director Easterwood. Sherburne County Sheriff Joel Brott has not appeared in these proceedings.

2. He is a lawful permanent resident. *Id.* On April 1, 2026, Immigration and Customs Enforcement and the Office of Enforcement and Removal Operations (together "ICE/ERO") arrested Abdirahman while he was being released from Anoka County Jail on a separate criminal matter.[2] Am. Pet. at 2; ECF No. 8-1 at 2. Prior to his arrest, on March 11, 2026, ICE/ERO had issued a Form I-200 warrant to arrest Abdirahman. ECF No. 8-2. But it was not until April 2, 2026, the day after his arrest, that the Department of Homeland Security issued Abdirahman a Notice to Appear charging him as subject to removal. ECF No. 8-4 at 1.

Abdirahman is detained at Sherburne County Jail. Am. Pet. at 2. Abdirahman filed his Amended Petition on June 25, 2026, asserting that his detention is unlawful because he was arrested without a valid warrant and ICE/ERO lacked probable cause to arrest him pursuant to the INA's warrantless arrest provision, 8 U.S.C. § 1357(a)(2). *See id.* at 3–4. He seeks immediate release. *Id.* at 4.

In the R&R, Judge Micko concluded that Abdirahman's arrest was unlawful and recommended he be released immediately. *See* ECF No. 11 at 6–8, 11. Judge Micko acknowledged that the Parties do not dispute that Abdirahman's arrest "failed to follow the sequence outlined in 8 C.F.R. § 236.1(b)." *Id.* at 4; *see* ECF No. 7 at 3. The arrest was therefore unlawful unless it complied with § 1357(a)(2). Judge Micko determined that Respondents lacked probable cause as required by § 1357(a)(2) because they failed to show

[2] Abdirahman was detained at Anoka County Jail after being charged with theft of a motor vehicle pursuant to Minn. Stat. § 609.52, subdiv. 2(a)(17) on March 5, 2026. *See* ECF No. 8-6.

officers "had reason to believe Abdirahman A. was likely to escape" before a warrant could be obtained. ECF No. 11 at 8. Respondents raise two objections. (1) The R&R erred in concluding that officers did not have reason to believe Abdirahman was likely to escape. *See* ECF No. 14 at 1–7. (2) The R&R erred in concluding that release is the proper remedy for a violation of § 1357(a)(2). *See id.* at 7–11.

Reviewing the objected-to issues de novo, I conclude that Respondents have not shown that officers had reason to believe Abdirahman was likely to escape before a warrant could be obtained. The INA's warrantless arrest provision requires an arresting officer to have "reason to believe that the alien so arrested . . . is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). This probable-cause standard requires that "the totality of the circumstances known to all officers involved at the time of the arrest" indicated to a "prudent person[]" that the noncitizen was likely to escape. *United States v. Thompson*, 533 F.3d 964, 969 (8th Cir. 2008) (citation modified); *see United States v. Puebla-Zamora*, 996 F.3d 535, 538 (8th Cir. 2021) (applying probable-cause standard to § 1357(a)(2) arrest). Persuasive authorities interpret "likely to escape" to mean "likely to evade detention by immigration officers." *Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1006–07 (N.D. Ill. 2016) (collecting cases). The requirement "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizens at another clearly identifiable location." *Walther A.S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (citation modified). Respondents maintain that that "likely to escape" does not mean "the likelihood

of evading further detection in the future," ECF No. 14 at 2, and reject cases like *Walther* insofar as they require courts to inquire "into community ties, employment history, or any other fact that might suggest going permanently off the grid rather than absconding from the immediate scene," *id.* at 3 (citation modified). However, I do not read *Walther* to suggest that courts must *always* look beyond the immediate scene but rather that the totality of the circumstances bears on whether someone is likely to escape.

Here, the totality of the circumstances of Abdirahman's arrest does not suggest arresting officers had reason to believe he was likely to escape. Abdirahman's Form I-213 Record of Deportable/Inadmissible Alien provides that "ICE ERO officers responded to Anoka County Jail, identified themselves as immigration officers and placed him under arrest. [Abdirahman] was transported to Sherburne County Jail for housing and processing." ECF No. 8-1 at 2. Respondents argue that there was "no reason to believe Petitioner would (or could) remain at the jail while agents obtained another I-200 warrant." ECF No. 14 at 7. But this misconstrues the probable-cause standard. That officers lacked a reason to believe Abdirahman would remain at the jail does not amount to a reason to believe he was likely to escape. Moreover, it is not evident from the record, nor have Respondents explained, how the circumstances of Abdirahman's arrest caused officers to believe he was likely to evade detention.[3] Further, as Judge Micko pointed out, that

[3] Respondents briefly cite Abdirahman's criminal history, alleging that he is a "career criminal who most recently stole a car." ECF No. 7 at 6. But they do not link Abdirahman's criminal history to a likelihood of escape other than to reiterate the high-level assertion "[a]n alien's previous unlawful behavior is properly used in determining probable cause for arrest." *Id.*

ICE/ERO had issued a Form I-200 warrant prior to Abdirahman's arrest belies Respondents' contention that officers conducted his arrest under a belief that he was likely to escape before a warrant could be obtained.

Release is the appropriate remedy for unlawful arrest. "Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Wilson P. v. Blanche*, No. 26-cv-3448 (JMB/SGE), 2026 WL 2294612, at *5–6 (D. Minn. Aug. 10, 2026); *N.V. v. Blanche*, No. 26-cv-2570 (KMM/EMB), 2026 WL 2209844, at *4–5 (D. Minn. July 31, 2026); *Venancio P.J. v. Blanche*, No. 26-cv-2740 (ECT/JFD), 2026 WL 1862252, at *2–3 (D. Minn. June 29, 2026); *Walther A.S.*, 2026 WL 1734906, at *4; *Sergio R.V.-P. v. Mullin*, No. 26-cv-2361 (NEB/ECW), 2026 WL 1727869, at *6 (D. Minn. May 29, 2026), *R. & R. adopted*, 2026 WL 1725810 (D. Minn. June 15, 2026); *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 9 (D. Minn. May 26, 2026), ECF No. 9. Nevertheless, Respondents argue that if an unlawful arrest cannot act a bar to prosecution or entitle individuals to release in criminal cases, then release cannot be an appropriate remedy for an unlawful arrest in immigration habeas proceedings. *See* ECF No. 14 at 8. Respondents also point to the Supreme Court's decision in *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032 (1984) to argue that "[i]f suppression of evidence is not an appropriate remedy for a Fourth Amendment violation in immigration cases [under *Lopez-Mendoza*], it follows, *a fortiori*, that release from custody cannot be either." *Id.* at 9. Respondents' arguments are unpersuasive. Respondents' analogy to criminal prosecution may be apt if Abdiraham was asking for relief from removal. But Abdirahman is not contesting his underlying removal

proceedings, nor is he asking that his unlawful arrest bar such proceedings. Moreover, the availability of habeas relief in district court and the applicability of the exclusionary rule in immigration court are unrelated issues, and Respondents cite no authority to validate such a comparison. Respondents also argue that because Abdirahman was arrested pursuant to 8 U.S.C. § 1226(a), he "is not to be released until he seeks a bond hearing." *Id.* at 10. The plain language of § 1226(a) makes "a warrant issued by the Attorney General" a predicate to a lawful arrest and any subsequent bond hearing. 8 U.S.C. § 1226(a). Abdirahman's arrest did not comply with § 1226(a) and its attendant regulations, so it would make little sense to limit his relief pursuant to that statute. *See, e.g.*, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) ("Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."). Release is therefore appropriate.

Abdirahman has also raised an issue related to the appropriate remedy in this case. After briefing for the R&R closed, Abdirahman moved for leave to supplement his reply brief so he could ask the Court to "enjoin Respondents from re-detaining him on the same statutory basis." ECF No. 12 at 2. His motion and the requested relief will be denied. Here, Abdirahman's arrest was unlawful, warranting his release. But nothing in this Order precludes Respondents from later arresting or detaining Abdirahman pursuant to lawful authority and in compliance with applicable constitutional, statutory, and regulatory requirements.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Respondents' objections [ECF No. 14] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 11] is **ACCEPTED**;

3. Petitioner Abdirahman A.'s Motion for Leave to File Supplement and Supplement to Reply [ECF No. 12] is **DENIED**;

4. Petitioner Abdirahman A.'s Amended Petition for Writ of Habeas Corpus [ECF No. 3] is **GRANTED**; and

5. Respondents are **ORDERED** to immediately release Petitioner Abdirahman A. from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 21, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court